IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| BERNIES BURNETT, #132 146 | * |
| Plaintiff, | * |
| v. | *        2:08-CV-22-WKW |
| | (WO) |
| ALABAMA PARDONS & PAROLES, | * |
| *et al.*, | |
| Defendants. | * |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Bernies Burnett, filed this 42 U.S.C. § 1983 action on January 9, 2008. In

this complaint, Plaintiff complains that his constitutional rights have been violated by the

parole consideration process.  Specifically, Plaintiff maintains that Defendants violated his

constitutional rights by failing to fairly consider him for parole and by relying on false

information to deny him parole.  Plaintiff further complains that he received a five-year set

off for his next parole consideration date in violation of the *Ex Post Facto* Clause.  Plaintiff

names as defendants the Alabama Board of Pardons and Paroles  ["the Board"], Governor

Bob Riley, Attorney General Troy King, Sidney Williams, Robert Longshore, and VeLinda

Weatherly, members of the Alabama Board of Pardons and Paroles, and Victims of Crime

and Leniency ["VOCAL"].  Plaintiff seeks declaratory and injunctive relief.

Upon review of the complaint, the court concludes that Plaintiff's claims against the

Board, VOCAL, Governor Riley, and Attorney General King are subject to dismissal in

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

## DISCUSSION

1. <u>The Alabama Board of Pardons and Paroles</u>.  The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Board are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2. <u>VOCAL</u>.  An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  *American Manufacturers*, 526 U.S. at 50; *Rayburn ex rel. Rayburn v. Hogue*, 241 F3d 1341, 1347-48 (11th Cir. 2001) (emphasis in

---

[1]    A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

original).

VOCAL is a private agency which represents the interests of crime victims. There is no allegation much less indication that this agency acts under color of state law and/or may be considered a state actor. *See generally Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982) ( acts of "private contractors do not become the acts of the government [simply] by reason of their . . . engagement in . . . public contracts" regardless of whether such engagement is "significant or even total."). Plaintiff's claims against this defendant are, therefore, frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

3. <u>Governor Riley and Attorney General King</u>. Plaintiff alleges that his denial of parole in February 2007 resulted from "Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members . . . through collusion, conspiracy with co-defendants Bob Riley [and] Troy King" which predisposed him to an inability to receive fair consideration for parole. Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his conclusory, self serving allegations, Plaintiff presents nothing to this court which indicates that Defendants Riley and King entered into a conspiracy with members of the Board to deny him fair consideration for parole. The court, therefore, concludes that Plaintiff's bare allegations of a conspiracy against the named defendants are insufficient to support a claim for relief under § 1983. *Fullman*, 739 F.2d at 556-557.

3

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Alabama Board of Pardons and Paroles, VOCAL, Bob Riley, and Troy King be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Alabama Board of Pardons and Paroles, VOCAL, Bob Riley, and Troy King be DISMISSED as parties to this cause of action;

3.  Plaintiff's conspiracy claim against defendants Williams, Weatherly, and Longshore be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

4.  This case, with respect to Plaintiff's remaining claims against Sidney Williams, VeLinda Weatherly, and Robert Longshore, be referred back to the undersigned for further proceedings.

The Clerk is DIRECTED to furnish a copy of the Recommendation of the Magistrate Judge to Defendants.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 10, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

4

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of February 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE