IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bernies Burnett, #132146        2008 MAR -6 A 10:17

    Plaintiff,          DEBRA P. HACKETT, CLK
                    U.S. DISTRICT COURT
                    MIDDLE DISTRICT ALA.
Vs.                                      *          2:08-CV-22 -MHT

Alabama Pardon & Paroles et. al.,        *

    Defendants.                          *

**MOTION FOR CONTINUANCE / STAY
PERMITTING PLAINTIFF TO CONTEST
DEFENDANTS ANSWER**

COMES NOW Bernies Burnett (hereinafter "BURNETT") and moves this Honorable Court to *GRANT* the above styled cause of action as follows:

§ 1.    Defendants have filed an ANSWER albeit said ANSWER remains totally insufficient but Burnett requests for a stay pending appropriate DISCOVERY, see attached motions inclusive to, but not limited Burnett's attached AFFIDAVIT fully incorporating as same herein, in this instant motion adopting by specific references all motions filed, under attestation.

§ 2.    Burnett maintains –asserts that under Federal Rules of Civil Procedure, Rule 56(f), to permit Burnett to counter Defendants answer by means of sufficient documentary evidence, affidavits opposing Counsel's "shot-gun" styled answer.

Plaintiff Burnett asserts, it appears from Defendants' limited ANSWER, without waiving Burnett's right to redress said

1

answer at the appropriate time and in the appropriate manner consistent with this Circuit's holdings that this Court respectfully stay a[ny] Reply / Response until and after DISCOVERY, because Burnett cannot effectuate by Affidavit essential facts underlying justification, absent limited discovery process being first afford Burnett to oppose Defendants ANSWER under Rule 56(f), Fed.R.Civ.P, see attached AFFIDAVIT supporting both this motion and coupled DISCOVERY motions labeled Interrogatories & Admissions. Additionally, "Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citation and quotations omitted)).

In compliance with, said permission under this rule, Burnett supplies this Court, as well as Defendants ample opportunity to review the attached DISCOVERY motions that such are in fact, within he ambience of said rules, thus permitting the Burnett the nonmovant herein, opportunity to rebut the Defendants ANSWER just received.

Previously, this Court relied upon the Eleventh Circuit precedent of *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), wherein the court said:

> "The party opposing a motion for summary judgment has a right to challenge submitted motions

2

      by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits, responses . . . If documents or other discovery sought would be relevant to the issues present by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize discovery processes to gain access to requested materials." Id.

Additionally, noted in the Eleventh Circuit, it stated that summary judgment should not generally be granted until the party opposing the motion has had an adequate opportunity for discovery. See *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1145 (11th Cir. 1973) (noting the high fatality rate of summary judgment dispositions at a time before the facts have been fully developed).

§ 3.  Burnett specifically maintains -asserts that postponement of a[ny] ruling in favor of Defendants, at this stage will enable Burnett by lawful means to effectuate the other necessary elements to rebut, with strict proof Defendants unsupported allegations in their ANSWER, despite the fact that as the Defendants did not meet their initial burden by pointing this Court, or Burnett to were his claims came up short -or better put a[ny] "absence of a genuine issue of fact," a necessary concomitance with both his Circuits holdings, and the rules governing said procedures, see *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, (11th Cir. 1989)(citations omitted).

The legal standard and analysis necessary to afford Burnett fundamental fairness is because Defendants appear to demand their

3

entitlement to relief based upon on their unsupported version of events rather than on the facts sworn in Burnett complaint, thus as the plaintiff -Burnett should be allowed to fully develop the full scope of his claims, based upon the profound effects the act(s), action(s) and outright flagrant omission(s) Burnett, and the other inmates have alleged against the Board Defendants, although their current exists "*evidence pointing to the existence of genuine issues of material facts,*" Burnett will be in far greater shape to present them "one time" after DISCOVERY.

In the interest of Federal comity, in accord with the spirit of liberality, Burnett sets out most, if not all the substantive reason(s) in the attached, coupled *Affidavit* supporting both the grant of this instant motion, and permission for limited discovery. See *Wallace v. Brownell Pontiac GMAC Co.*, 703 F.2d 525, 527 (11th. Cir. 1983)(quotations omitted).

WHEREFORE PREMISES SHOWN, Burnett prays that this Court would respectfully stay any response by Burnett until, and after DISCOVERY is fully completed as clearly articulated in the AFFIDAVIT supporting this motion, inclusive to the Burnett 1st Set Of Interrogatories, Admissions, Requests, and Production of documents et. seq. hereinafter coupled with this motion, served upon Defendants by certified mail.[1]   Any such other relief

---

[1] Burnett asserts that the Certification Card Number hereinafter ascribed #7003-1010-0001-7104 4889 was placed upon the Discovery motion, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking,

4

that this Honorable Court deems sufficient being that Defendants answer remains wholly inapposite to this Courts Order -whereas Counsel did not attach **"copies of all documents, records and regulations relevant to Plaintiff's claims for relief,"** Id. Just cause for DISCOVERY now.

Done so this 4th day of March, 2008. Respectfully submitted,

*Bernies Burnett*
BERNIES BURNETT, #132146
Acting in pro per.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the CONTINUANCE / STAY upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1. Defendants Williams (Wynn), Weatherly, Longshore et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this 4th day of March 2008.    Respectfully submitted,

*Bernies Burnett*
BERNIES BURNETT #132146
Limestone Corr. Facility
28779 Nick Davis Road
Harvest, Ala. 35749-7009

---

monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

7003-1010-0001-7104-4889

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bernies Burnett, #132146 *

    Plaintiff, *

Vs. *     2:08-CV-22-WKW

*

Alabama Pardon & Paroles et. al., *

    Defendants. *

**AFFIDAVIT OF BERNIES BURNETT
IN SUPPORT OF RULE 56(f) MOTION**

**STATE OF ALABAMA**   :

**LIMESTONE COUNTY**   :

    Before me, the undersigned authority did appear one Bernies Burnett, #132146 whom did depose and state under the penalty of perjury the foregoing attestations:

1) My name is Bernies Burnett, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and subsequent events thereinafter.

2) I am acting in pro per, and have since the inception of said complaint, and will remain as such at all times relevant

1

7003-1010-0001-7104-4889

hereinafter, until this Court ORDERS otherwise, per se such as representation of, for class certification by Counsel.

3) I sued Defendant's Wynn, Weatherly and Longshore in their specific capacities, for both "*declaratory and prospective injunctive relief*" while said parties were acting under color of state law, because of violations of Constitutional rights which a reasonable person would have known not to have subject me to.

4. I assert, aver that the specific Interrogatories at pp. 9 – 13 under §§1 -17 in the attached 1st Set Of I & I's relating to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

5. I assert, aver that the specific Admission, at pp. 13 -17, §§18 -34 in the attached 1st Of Admissions relating to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

6. I have reviewed the Defendant's Answer, absent the Court ORDERED **"written report"** in this matter, I have personal, first

7003-1010-0001-7104-4889

hand knowledge of the facts surrounding Defendant's unsupported probability of events which remain in contradiction to the record proper, transcripts, or tape recordings to which Burnett overall objects but cannot at this juncture specific point this Magistrate too, because Defendants failed to afford both this Court, and Carey with said specific "documents" in their answer -inapposite to this Courts ORDER otherwise, Burnett will now attempt to secure said documents, records within the strictures of permissible limited DISCOVERY for the most part, due to limited perjury to this Court, by Defendants in their first real answer, what is Burnett to expect next.

7. I adopt by specific reference, in toto, the coupled DISCOVERY motions, PRODUCTION of DOCUMENTS enclosed and fully incorporated hereinafter as same therein, for purpose of brevity, to support the attached Rule 56(f), motion.

8. Absent the Defendant submitting to this Courts ORDER, stating in pertinent part, at page 1, ¶ 2, "A written report be filed with the court and a copy served upon Plaintiff within forty (40) days of the date of this order. **The report must contain the sworn statements of all person having knowledge of the subject matter of the complaint. In these statements, the defendants must address the plaintiff's claim that he has been denied parole to his race. . . .** Where the Plaintiff's claims or defendants' defenses relate to or involve the application of administrative

3

<u>rules, regulations or guidelines the written report</u> **shall** <u>include copies of all such applicable administrative rules, regulations or guidelines</u>. **In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiffs claims for relief.**" <u>Id</u>.

9. As maintained, and specifically adopted by the Magistrate in the ORDER stated: "<u>The Magistrate Judge has reviewed the complaint, as amended, and determined this pleading cannot be properly and effectively processed</u> **by the court without further information form the defendants named in the complaint**." <u>Id</u>. Absent disclosure from Defendants -Burnett is unable to formulate a legal Reply / Response with Affidavit's to contradict Defendants' answer currently before this Court without first being **granted** limited DISCOVERY, as requested.

Sworn to and Subscribed heretofore this 4th day of March, 2008.

[SEAL]

_____
NOTARY PUBLIC, AT LARGE:

Commission Expires: 8-2-2010

_____
BERNIES BURNETT, #132146
LIMESTONE C.F. * K-Dorm
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

4



BERNIES BURNETT, #132146
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

2:08-CV-22-WKW

*Confidential Legal Mail*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT, NORTHERN DIVISION
Attention: Honorable Debra Hackett, Clerk of Court
Post Office Box# 711
Montgomery, Alabama

36101-0711

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content