# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BERNIES BURNETT, #132146** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | Case #2:08-CV-22-WKW |
| ) | |
| ) | |
| ) | |
| **ALABAMA BOARD** ) | |
| **OF PARDONS & PAROLES, et al.,**) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

Come now Robert Longshore, Bill Wynne and Velinda Weatherly, and show unto the Court as follows:

1) Defendants deny all material averments of the Complaint.

2) Defendants deny that they have deprived Plaintiff of any right, privilege or immunity protected under the Constitution or laws of the United States.

3) Defendants deny that the Constitution or laws of the United States afford Plaintiff any rights to be protected when the State of Alabama considers whether to release him on parole.

4) Defendants expressly deny conspiring with any person or entity.

5) Defendants assert that the Complaint fails to state any claim upon which relief may be granted.

6) Defendants further aver that Plaintiff does not enjoy a liberty interest in his desire to be paroled, and that his desire to be paroled is not protected by the Due Process Clause of the U.S. Constitution.

7) The original Complaint fails to aver any facts to support its conclusory allegations on any claim.

8) The allegations regarding conspiracy are vague and conclusory, and fail to state a claim upon which relief may be granted.

9) The allegations regarding "false information" are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001).

10) The allegations regarding "equal protection of the law" are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001).

11) The allegations regarding "cruel and unusual punishment" are vague and conclusory, and fail to state a claim upon which relief may be granted.

12) The claims regarding due process of law and a "fair" parole hearing procedure are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982).

13) As noted by the Court of Appeals in the above-cited cases, it is well settled that *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 99 S.Ct. 2100 (1979), did not create a liberty interest in parole consideration under the laws of States that choose to establish discretionary parole systems.

14) *Wilkinson vs, Dotson,* 544 U.S. 74, 125 S. Ct. 1242 (2004), did not create any substantive rights for prisoners. That decision merely held that, if a plaintiff properly pleads facts showing that parole procedures operate to deprive him of a right, privilege or immunity protected under the Constitution or laws of the United States, that 42 U.S.C. §1983 may be used to vindicate those rights in an action for declaratory and injunctive relief to set aside unconstitutional or unlawful procedures, where the plaintiff is not seeking relief within the scope of habeas corpus, as governed by *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In

order to proceed under *Wilkinson,* Plaintiff must identify some right protected under the laws of the United States. Each right that he asserts has already been foreclosed by binding decisions of the Court of Appeals for the Eleventh Circuit. He fails to state a claim upon which relief may be granted.

15) The Complaint avers no facts to support the conclusion that the Board's Operating Procedures are unconstitutional. The Complaint contains no facts even illustrating how these Operating Procedures applied to his perceived detriment.

16) These Defendants reserve the right to assert sovereign immunity and qualified immunity as defenses to any claims for monetary relief. Even under the liberal construction afforded to *pro se* litigants, Plaintiff has failed to plead sufficient facts to state any claim whatsoever under 42 U.S.C. §1983.

17) Plaintiff has not alleged sufficient facts to support the inference that he has suffered an "injury in fact" to confer standing upon him or to create a justiciable controversy. From the well-pleaded facts, it appears that laws and procedures, neutral on their face, were applied even-handedly, but with a result that merely dissatisfies the

           Plaintiff, as distinguished from harming him or interfering with any right recognized by law.

18)     The statute of limitations began to run on Plaintiff's *ex post facto* claims at the time he knew or should have known that the 2002 amendments to the Board's Operating Procedures applied to him. The application of those procedures to currently incarcerated prisoners was well known in the prison system in 2002. The claim is barred by the applicable statute of limitations.

19)     The current Operating Procedures do not increase the likelihood that Plaintiff's punishment will actually be increased. As he avers, this is the eighth time that he has failed to persuade the Board that he is a suitable candidate for release. Furthermore, the Board's Operating Procedures whereby changed circumstances may be brought to the Board's attention and he may be considered for parole in less than three years after his most recent denial.

    WHEREFORE, premises considered, Defendants move the Court to dismiss the Complaint, with prejudice.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on 03-25-08, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**BURNIES BURNETT AIS#132146**
**LIMESTONE CORRECTIONAL FACILITY**
**28779 NICK DAVIS ROAD**
**HARVEST, ALABAMA  35749-7006**

Done this 25th day of **March**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BERNIES BURNETT, 132146** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | Case #2:08-CV-22-WKW |
| ) | |
| ) | |
| ) | |
| ) | |
| **ALABAMA BOARD** ) | |
| **OF PARDONS & PAROLES, et al.,**) | |
| ) | |
| **Defendants.** ) | |

## SPECIAL REPORT

Come now Robert Longshore, Bill Wynne and Velinda Weatherly, and show unto the Court as follows:

### The Parties

Burnett is a prisoner, serving a life sentence for murder. He attempts to sue the Alabama Board of Pardons & Paroles, its members, the Governor of Alabama, the Attorney General of Alabama, and "VOCAL," which is a nonprofit corporation also known as "Victims of Crime and Leniency."

The Court has dismissed the Board, which is an agency of the State of Alabama, on Eleventh Amendment immunity grounds. The Court has also dismissed VOCAL on the ground that it is not a State actor. Governor Riley and Attorney General King have been dismissed.

These three Members of the Board remain Defendants in their official capacities. Mr. Williams has retired. Mr. Wynne succeeded him in office.

## Our Understanding of the Complaint

Plaintiff alleges that these Defendants all conspired together to deprive him of parole. He claims that this denied him equal protection of the law, deprived him of liberty without due process of law, caused him to suffer cruel and unusual punishment, and was the product of arbitrary and capricious action. He seeks a declaration that the Board's Operating Procedures are unconstitutional and an injunction setting a prompt parole consideration hearing.

## DEFENDANT'S POSITION

Neither Ms. Shehane nor VOCAL maintains offices with the Board. Any effort to serve them with process by mail at the Board's address will fail. It is preposterous to suggest that the Board has conspired with Ms. Shehane. She has been expressing the opinion for decades that the Board should be abolished.

The Plaintiff's filings do not allege any facts to support an inference that the Board's procedures are either unconstitutional or being applied to adversely affect him. The Operating Procedures are designed to comport with *Garner vs. Jones,* 529 U.S. 244, 120 S.Ct. 1362 (2000). These procedures explicitly provide an avenue through which a case can be brought before the Board, less than three years after parole is denied, if there is a significant change in circumstances.

The Board's Operating Procedures are available on the internet, at http://pardons.state.al.us/. Plaintiff challenges Art. VI, §11, which provides:

> 11. If parole has been denied, the Board shall determine whether and when the case shall next be docketed for consideration, not to exceed five (5) years. The case will be considered again as near as practicable to the specified month and year.

However, he overlooks Article II, which provides for rescheduling of consideration. In particular, Art. II, §7, directly addresses his situation:

> 7. If the Board has denied or revoked parole, and scheduled the next consideration three years or more after denial or revocation, the Committee may consider earlier scheduling, but such review shall not begin earlier than eighteen months after the Board has denied or revoked parole.

Plaintiff could have presented these claims within two years after the challenged provisions were adopted. Since he had already, according to his complaint, been denied parole seven times, he knew or should have known that Art. VI, §11 would apply to him.

Plaintiff was convicted in 1982, before the 1983 guidelines were adopted. His case is governed by §15-22-24(a), Ala. Code, which imposes no limits on the Board's discretion to grant or deny parole, or to determine whether and when parole is appropriate. The guidelines that Plaintiff asks the Court to require the Board to follow were adopted after he committed his crime. In fact, the statutes authorizing the Board to adopt these guidelines were enacted after he committed his crime. If it is unconstitutional to apply these guidelines, Plaintiff is stuck with the Board's statutory discretion to determine "whether and when" parole may be appropriate.

The "rights" which Plaintiff asserts in his filings simply do not exist. His claims are foreclosed by prior appellate decisions. He does not enjoy a liberty interest in his desire to be paroled, and that desire is not protected by due process. He asserts no facts to show that he is subjected to any adverse condition beyond the normal incidents of incarceration, and fails to state a claim for cruel and unusual punishment. His conclusory allegations are clearly insufficient to support claims that he was subjected to arbitrary and capricious action, that he was denied parole as a result of reliance on information known to be false, or that he was denied equal protection of the law, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982). In

short, he has failed to allege an essential element of a §1983 claim: that he was deprived of a right, privilege or immunity protected under the Constitution or laws of the United States.

Although the U.S. Supreme Court has left open the possibility of using a §1983 action to vindicate Federally protected rights, it has not recognized such a right as existing under a discretionary parole statute. In order to vindicate a Federally protected right in a §1983 action, Plaintiff must plead and prove facts showing the existence of such a right and the deprivation of the existing right. His Complaint fails to state a claim under *Wilkinson vs. Dotson,* 544 U.S. 74, 125 S. Ct. 1242 (2004).

## Conclusion

The Complaint does not allege any facts to support a claim that he has been deprived of a right protected by the laws of the United States. It does not contain facts to support a claim of conspiracy. It does not contain sufficient facts to state a claim under any theory that the Court could reasonably construe it as attempting to plead. The Complaint is frivolous, and is due to be dismissed.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL


s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov


## CERTIFICATE OF SERVICE

I hereby certify that on 03-25-08, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**BERNIES BURNETT AIS#132146
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA  35749-7006**

Done this 25th day of **March**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**BERNIES BURNETT, 132146** )
)
    **Plaintiff,** )
)
)
v. )   Case #2:08-CV-22-WKW
)
)
)
**ALABAMA BOARD**
**OF PARDONS & PAROLES, et al.,**)
)
    **Defendants.** )

**AFFIDAVIT OF DEFENDANT LONGSHORE**

I was a member of the Board on 20 February 2007, when we considered whether to parole Bernies Burnett, AIS #132146. He is serving a sentence of life for murder. This was the eighth time he has been considered for parole.

No Member of the Board was satisfied that he was ready for release. We scheduled further consideration in five years.

I heard the views of various officials and individuals expressed in an open public meeting, and deliberated with my colleagues on the Board. I did not conspire with any person regarding Burnett.


EXHIBIT A

_[signature]_
**ROBERT P. LONGSHORE**
**ASSOCIATE MEMBER**

SWORN TO AND SUBSCRIBED before me this 25th day of March 2008.

_[signature]_
**NOTARY PUBLIC**
Commission Expires: 10/10/08

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BERNIES BURNETT, 132146** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | Case #2:08-CV-22-WKW |
| ) | |
| ) | |
| ) | |
| **ALABAMA BOARD** ) | |
| **OF PARDONS & PAROLES, et al.,**) | |
| ) | |
| **Defendants.** ) | |

**AFFIDAVIT OF DEFENDANT WEATHERLY**

I was a member of the Board on 20 February 2007, when we considered whether to parole Bernies Burnett, AIS #132146. He is serving a sentence of life for murder. This was the eighth time he has been considered for parole.

No Member of the Board was satisfied that he was ready for release. We scheduled further consideration in five years.

I heard the views of various officials and individuals expressed in an open public meeting, and deliberated with my colleagues on the Board. I did not conspire with any person regarding Burnett.



_____
VELINDA A. J. WEATHERLY
BOARD MEMBER

SWORN TO AND SUBSCRIBED before me this 25th day of
March _____ 2008.

_____
NOTARY PUBLIC
Commission Expires: 10/10/08

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNIES BURNETT, 132146 ) | |
| Plaintiff, ) | |
| v. ) | Case #2:08-CV-22-WKW |
| ALABAMA BOARD ) OF PARDONS & PAROLES, et al.,) | |
| Defendants. ) | |

## AFFIDAVIT OF DEFENDANT WYNNE

I was not a member of the Board on 20 February 2007, when they considered whether to parole Bernies Burnett, AIS #132146. I have no personal knowledge of what transpired in that hearing.

_____
BILL WYNNE
CHAIRMAN

SWORN TO AND SUBSCRIBED before me this 25th day of March 2008.

_____
NOTARY PUBLIC
Commission Expires: 10/10/08

EXHIBIT C



STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME BURNETT BERNIES JR       AIS# 132146                    DOCKET 10/2006
                                                        1/3  01/01/2001
PAROLE IS THIS DAY ORDERED _____ BY:              06/13/1990

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____
_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED  2-20-07           BY:                RESET
DATE                       MEMBER                               2-2013
2-20-07                    [signature]                          2-2012
2-20-07                    [signature]                          2-2017
2-20-07                    [signature]
REMARKS

EXHIBIT
D