IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bernies Burnett, #132146

    Plaintiff,

Vs.                                    2:08-CV-22-WKW

Alabama Pardon & Paroles et. al.,   *

    Defendants.                  *

**MOTION TO COMPEL AND OR IN THE
ALTERNATIVE ISSUE SHOW CAUSE ORDER**

COMES NOW Plaintiff Bernies Burnett (hereinafter "BURNETT") moves this Honorable Court to **GRANT** the above styled motion, pursuant to Rule 55(b)(2), Fed.R.Civ.P., as follows:

§ 1.    Burnett maintains, as the record predicates on or about January 9, 2008 a §1983 COMPLAINT was filed alleging three (3) succinct claims against "multiple Defendants," however during the screening process of Burnett's *in forma pauperis* this Court limited said civil tort claims to the foregoing three (3) Defendants: 1) Sidney Williams; 2) Velinda Weatherly and 3. Robert Longshore, see *Magistrate Moorer's Report Recommendation dated February 26th, 2008, at page 4 Conclusion §4.*

§ 2.    Defendants **S. Williams**, V. Weatherly and R. Longshore were Court ORDERED to respond accordingly on or before **March 21st, 2008** as follows:

> "The written repost **must** contain the sworn statements of all persons having personal

> knowledge of the subject matter of the complaint. All defenses including immunity defenses must be set forth in the written report or **such defenses may be waived. . . .** Where Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report **shall include copies of all such applicable administrative rules, regulations or guidelines. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief."** Id @ **ORDER 2/11/08**.

(Emphasis in original). As this Court can very well see, "Defendants were to have not only filed an *Answer* coupled with their *Written Report*, predicating "all defenses including immunity or [lack thereof] may be deemed waived," inclusive too, supplying both this Court and Plaintiff "Burnett" with appropriate copies of **all documents** "Where Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief." **Id**.

Plaintiff Burnett maintains that not only has Defendants Velinda Weatherly and Robert Longshore "failed to fully comply

2

with said mandates issued by this Court" but moreover, Defendant Sidney Williams has "completely failed to respond, to a[ny] of this Courts directives." *See Courts ORDER @ 2/11/08*.

Plaintiff Burnett once again reiterates he has not sued the Parole Board "entity" but in fact, sought -seeks to hold only accountable those separate, individual persons whom while acting under the color of State law -violated Federal Constitutional rights thereby granting, giving rise to §1983 action(s).

§ 3.   Defendants V. Weatherly and R. Longshore cannot hide behind the umbrella of not "disclosing material evidence sought after by Plaintiff, and Court ORDERED and at the same time admit no wrong doing by attempting to subvert, undermine this Courts "directives" by cunningly steering the blame to a party no longer working at the Pardon and Paroles (i.e., Defendant Sidney Williams) whereas "counsel acting in the interests of said defendants disingenuously submits an "*Affidavit by a party not involved*," see Exhibit-C an affidavit by now Chairman Bill Wynn, stating in pertinent part: "*I was not a member of the Board on 20 February 2007, when* **they** *considered whether to dennies Burnett, AIS# 132146. I have* **no personal knowledge of what transpired in that hearing**." Id.

Affidavits were to have been "filed by persons having personal knowledge of the subject matter of the complaint." Id. at Court Order dated 2/11/08. To date, none of the Defendants

3

have complied with either Plaintiff's requests, for such as maintained in the §1983 dealing with his relief to the specific "claims."

Defendants are therefore attempting to, deliberately enter into the record "*Affidavits made upon bad faith*," in violation of Rule 56(g), Fed.R.Civ.P., to either simply delay the case, steer Plaintiff Burnett's remaining claim(s) down a dead path to avoid this Court's 2/11/08 "directives," as mentioned -outlined above for this Court adjudication upon those Defendants whom have answered (i.e., "Weatherly & Longshore"), and Defendant "Williams" whom has totally failed to answer -or otherwise offer a[ny] defense whatsoever[?], cause for immediate show cause.

§ 4.    Plaintiff Burnett asserts that absent these "Defendants full compliance" with this Courts directives, and Plaintiffs' attached DISCOVERY motions -Burnett's case is at present being ambushed, or otherwise derailed by misconduct from the a defending party's insolence to both this Court and Burnett.

§ 5.    Burnett maintains, at present, he is honestly attempting to properly prepare a "*Reply to Defendants Answer / Written Report*," received on or **March 28**th 2008, however in light of the absence of Defendants "compliance as ordered," Burnett remains somewhat in the blind as to how to appropriately prepare with a[ny] affidavits and evidentiary materials without

4

receiving from Defendants a sufficient answer coupled with "*persons having both 'personal and first hand knowledge,'*" of Burnett's claims for relief and also Court ordered "*documents, copies of regulations plaintiff made mention of, relevant to proving his claim(s) for both, relief,*" and federal review as challenged herein -that is the 640-X's regulations / guidelines in force, effect at Burnett's time of conviction / sentence - inapposite of the Defendants' "<u>Special Report at page 3 referencing parties to seek said Board's Operating Procedures on line @ http://pardon.state.al.us/</u>," this Court well knows as does "<u>Counsel</u> representing said Board Defendants that Burnett cannot go on line, nor does the Alabama Department of Corrections allow its inmates access to such -within the confines of imprisonment, therefore the challenged referenced "*Articles*," **questioned** cannot be properly compared with said 640-X's utilized by the Board when Burnett was *sentenced*."

WHEREFORE PREMISES SHOWN Plaintiff Burnett prays that this Honorable Court *grant* the above-styled Motion to Compel or Issue in its alternative a Show Cause ORDER to Defendants for their disobedience to previous court orders as so ORDERED.

Done so this **15TH** day of **April**, 2008.

Respectfully Submitted,

*Bernies Burnett*
BERNIES BURNETT, # 132146

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the COMPEL / SHOW CAUSE motion upon said Defendants, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail, Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows:

1) Defendants Williams, Weatherly, Longshore et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this 15th day of April, 2008.

Respectfully Submitted,

*Bernies Burnett*
BERNIES BURNETT, # 132146
LIMESTONE       FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

Burnett, Renee #152146
Limestone
28779 Nick Davis Rd
Harvest, Alabama
35749-7009

2:08-CV-22-WKW

LEGAL MAIL

United States District Court - Honorable D. Halbert
P.O. Box 711
Montgomery, Alabama
36101-0711

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.