7007-0220-0000-1049-0512

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bernies Burnett, #132146

    Plaintiff,

Vs.                                        2:08-CV-22-WKW

Alabama Pardon & Paroles et. al.,  *

    Defendants.                    *

### REQUEST FOR DISCOVERY / PRODUCTION FOR DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

PLAINTIFF Bernies Burnett (hereinafter "BURNETT") moves this Honorable Court to **GRANT** the above styled motion, pursuant to Fed.R.Civ.P., Rules 26, 33, 34, 36; in conjunction with attached Rule 56(f) motion, supporting attached Affidavit (Ex-1), as follows:

§ 1.    Burnett avers that this court ORDERED Defendant to undertake a review of the subject matter of the Complaint a) ascertain the relevant facts and circumstances; b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and c) to determine whether other similar complaints, whether pending in this Court or elsewhere, should be considered together.

**The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint."** Since Burnett never received anything other than a mere shotgun styled ANSWER, Burnett is left to attempt to

1

preserve said action and pray that this Court would allow DISCOVERY, thence allow Burnett to reply to Defendants answer / report.

Saying such, Burnett asserts prior to filing the court ordered Reply / Response, that "DISCOVERY is now a juridical necessity primarily because counsel for Defendants object, deny without any evidentiary support whatsoever, prejudicing Burnett from effectuating -properly this civil action, absent limited discovery, to contradict submitted unsupported allegations.

Nonetheless, as the moving party the Defendants have wholly failed to meet their initial burden, under the strictures of Federal Rules of Civil Procedure, and the holdings in *Celotex v. Catrett*, [477 U.S. 317] 1986)("a defending party moving for summary judgment discharges its burden of 'showing initially the absence of a genuine issue concerning any material fact.'").

Burnett asserts that the Defendants have yet met that initial burden, as a matter of record, though perhaps inadvertence or a blessing to Burnett, Defendants have partially admitted some of Burnett elements, but further discovery should finish disclosing sufficient documentary evidence for Burnett's Reply / Response, without "*waving any and all other objections to said Answer,*" until discovery; it must be pointed out that Defendants mere made conclusory allegations and failed to support said claims, with any evidentiary materials. Burnett never once argued, nor attempted to present to this Court as an inmate under Alabama law, that he

2

7007-0220-0000-1049-0512

was deprived of **"liberty without due process"** nor did he raise: **"caused him to suffer cruel and unusual punishment"** as allegedly asserted in Defendants' "Special Report" at page two (2) @ paragraph 2; because Burnett well knows, as does this Court that under Alabama law inmates have no <u>liberty interest in the grant or denial of parole</u>. Counsel is attempting to *disingenuously* steer the true argument down a beaten path which has never been successfully litigated in Alabama, under State law and Burnett has no intent of traveling down a[ny] ill spirited road with Counsel since that's not the issue at hand.

Nowhere can this Court, nor counsel "find in Burnett's three (3) succinct claims," that Burnett or any other plaintiff in this suit -complained of, ensuing, a denial of parole down a *liberty interest* vein whether under the due process clause or the equal protection clause -to the extent that *liberty* is challenged, once again Counsel is dishonest with the Court, and Burnett.

Secondly, Counsels understanding of Burnett's Complaint remains far fetched at best -a cursory glance at Defendants' "*Special report*," at page two (2) states, partially "... *deprived him of liberty . . . caused him to suffer cruel and unusual punishment . . .*" <u>Id. at State's Answer p. 2</u>. Such statement is furthest from the truth which Burnett strenuously challenges the Boards flagrant process, however given Counsel defenses to issues not raised before this Court -Burnett desires to gather evidentiary materials to properly object with strict proof after

3

7007-0220-0000-1049-0512

DISCOVERY is sought. Alabama's parole consideration process," is likened the deprivation(s) most recently overturned in *Wilkinson v. Dotson*, 544 U.S. at 74 (2005) (challenging "*prospectively, the unfair parole policies*") -the due process complaint was quite unique, because as herein -it too, did not challenge the way the Board exercised its discretion; rather it alleged as Burnett, that the Board was actually not exercising its discretion at all. This instant case follows the same line of reasoning, that the United States Supreme Court found interesting enough to consider and changed Ohio's Parole Board procedures indistinguishable to the facts and circumstances as a whole which arguably demonstrate Alabama's Parole Board procedures are illegal at best -the statistical trends, and recurring pretextual "*reasons*" for denials and common threads of reliance solely upon the crime [versus Alabama's 640-X guidelines inclusive to title §15-22-20 through §15-22-40] are not in accord with statutory criteria, a single denial "*does not a policy make*," it takes a group attack as requested herein your Honor to gain the juridical eye of Federal Court comity in road with *Wilkinson v. Dotson*, supra.

    The basic tenet established above now graciously admitted by the Defendants has a fundamental substantive underpinning to Burnett's three colorable claims, grounds for limited DISCOVERY, whereas a cursory glance of two (2) defendants Affidavits (Exhibits- A & B) at paragraph two states with no certainty, the following:

4

7007-0220-0000-1049-0512

"No member of the Board was satisfied **that he was ready for release**."

(Emphasis-added). Burnett is duly entitled to bring forth the truth as the matter is and maintains that the defendants have abundantly twisted plaintiff's "claims" by statements made under attestation that Burnett seeks to overcome through limited DISCOVERY.

§ 2. Since the Defendant's serially committed perjury, collectively under attestation, and the record-proper proves at least one of Burnett's initial elements "he was denied a *fair consideration*, and the Board members violated the Fourteenth Amendment of the U.S. Constitution as-applied to Burnett, *inter alia*, the above excerpt merits / warrants further review through the normal discovery process, in addition to the other relevant proportions Burnett will seek through limited DISCOVERY, see "*Plaintiff Burnett First Set of Interrogatories And Request For Admissions, For Production Of Documents To Defendants under Fed.R.Civ.P.*" enclosed, as attached -served, by means of certified / return receipt mail parcel #7007-220-0000-1049-0512.

Because the Defendant's have not proven, at first blush -that Burnett cannot prove the elements of a[ny] claim and have not shown this Court within the confines of this Circuits holdings where, if any that, as the nonmovant Burnett cannot prove a genuine issue of material fact, as to any evidence at issue, therefore the burden has not shifted.

5

7007-0220-0000-1049-0512

§ 3.    Therefore *Celotex*, then, narrowly limits its facts of a movant, whom must meet the initial burden by motion specifically identifying and pointing out to the court that "Burnett's pleadings on file, contain no proof concerning an issue on which, as the nonmovant will bear the burden of proof at trial." This holding in *Celotex*, coupled with Defendant's failures to adhere to this Courts previous instructions -should if nothing else, suffice to allow at least the obedient one -that is Burnett time for proper Affidavits.

§ 4.    In closing, briefly, without waiving any appropriate Reply / Response to Defendant's Answer even absent their sufficiency's in Defendants' "*Special Report*," as Court ordered.

Burnett cannot contradict Defendants' ANSWER without first being afforded limited discovery pursuant to Rule 26, Fed.R.Civ.P., before the this Court requires, or expects Burnett to file any Reply / Response.

§ 5.    Burnett now requests an ORDER be issued *sua sponte* upon further consideration of this instant motion, and the attached DISCOVERY MOTIONS granting per se either a continuance, or a stay until and upon completion of limited discovery for Burnett to properly manifest the strict proof as invited by Counsel, to both this Court and Burnett as the nonmovant.

Burnett would like very much for this Court to please, prior to review of this motion, if necessary review its Order at page 2, ¶ 2, "[W]here Plaintiff's claim or Defendants' defenses relate to

6

or involve the application of administrative rules, regulations or guidelines, the **written report shall include copies of all such applicable administrative rules, regulations or guidelines**." Id. "**In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief.**" Id.

Nowhere have the Defendants provided either this Court, or the Plaintiff with a single shred of documentary evidence to discredit Burnett's maintainable claims, that the Board followed State law, in accord with the regulations in effect at the time Burnett was convicted / sentenced in 1981 -Counsel merely shrugged off obeying this Court's ORDER whereas this Court utilized mandatory substantive language, i.e., **"must" "shall"** contain, include copies, documents record, regulation et. seq., but Counsel wholly failed to honor this Courts authoritative power to its advantage[?], nevertheless Burnett still needs material "*documents*" to otherwise overcome, contradict Defendants defenses.

Burnett respectfully requests, and asserts he does not wish, desire to abandon, waive or dismiss replying to Defendants "boiler-plated answer" but DESIRES, REQUESTS that this Court allow Burnett to first utilize an effective civil tool to bring out the truth of the matter -at hand.

§ 6.     Issue an ORDER allowing Burnett to receive DISCOVEY in the form of: (1) Interrogatories, pursuant to Rule 33, Fed.R.Civ.P., (2) Request for Admissions, pursuant to Rule 36,

7

Fed.R.Civ.P., and (3) Request for Production of Documents pursuant to Rule 34, Fed.R.Civ.P., for the inspection, viewing of the above requested records, recordings, tapes, notes, memoranda of Burnett's February 2007 parole hearing, inclusive to the "*documents*," remaining at large at present, which won't prejudice any party, but provide relief, in accord with federalism.

§ 7.   Issue an ORDER to Defendant's to forward any and all copies of memoranda between Defendants Williams, Weatherly and Longshore or its agents, employees involved in, prior to and including the 2007 hearing; inclusive to disclosing said same from Defendant Sidney Williams "default" whereas Defendants are attempting to shift blame upon their predecessor supervisor, see Defendants' Exhibit-D attempting to utilize said partial "*parole board form*" with signatures of those actually present -Defendant Bill Wynn had yet come into office, see Defendant Wynn's Exhibit-C dated March 25th, 2008 -thereby releasing Defendant Wynn from the "*conspiracy claim*" to Burnett's claim one -leaving the other two (2) claims, as respondent superior -assigned by State statute.

§ 8.   Issue an ORDER to the Defendants for production upon Burnett, for inspection, copying, testing and examination of the following:

    a.   Any written or recorded statements made by Defendants to any subordinates, or its agents thereof, or to Burnett's family members;
    b.   To disclose the substance of any oral, written statements made by Defendants before and after Burnett's post-deprivation denial of parole as

8

      first filed to its subordinates for proper remedial address, correction;

c. Any written, recorded statements made by any co-defendant or accomplices made before or after Burnett's post-deprivation parole denial as first filed to said agency or agents thereof;

d. To disclose the substance of, any oral, written statements made by any co-defendant or accomplices made before or after Burnett's post-deprivation denial of parole in accordance with State law, rules or regulations (640-x's);

e. To permit Burnett to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, rooms or places or portions of any of these things in any way material to the preparation of prosecuting this action, answering Defendant's summary judgment under Rule 56, Fed.R.Civ.P;

f. To disclose any material evidence submitted to subordinates, agents, employees thereof, such as reports, recordings, tapes notes of the 2007 hearing memoranda concerning this action;

g. To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, stenographic tapes, notes, recordings and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion;

h. Copies of any and all reports, tapes, recordings and memoranda connected with allegations against defendants, co-defendants or accomplices, in accord with State law, and discovery;

i. Names, addresses, telephone numbers, general whereabouts of all witnesses to be called upon by Burnett, in the above styled civil action, for Interrogatories, Request for Admissions, or Production of Documents relating specifically to this action;

j. Statements of any and all persons including memoranda, summaries or recordings, video tapes, audio tapes, recordings of Defendants acts, actions, omissions or written statements of any and all persons, or Defendants subordinates relating to the specific violations, made by Burnett;

k. All memoranda, documents and reports presented, offered, submitted by defendant's to one-another

9

7007-0220-0000-1049-0512

    its subordinates, agents thereof, connected with the specific subject matter of the case referred to above as well as the name of any and all investigator's, agency or agent's thereof;

l. Names and addresses of any and all memoranda, documents and reports presented, offered, submitted by defendant's to its subordinates, the Board its agents thereof, connected with the specific subject matter of the case(s) referred to above as well as the name of any and all investigator's, agents thereof;

m. Names and addresses of any and all persons who may have some knowledge, information as to facts, evidence in the present case, action against the Defendant's;

n. Full names, addresses of any and all persons who gave facts, information, data or otherwise evidence which served as a basis for any aspect of this case against these Defendant's.

o. All reports, documents, letters, and memoranda which were a basis of the denial against Burnett, for defendant's defense, affirmative pleading or otherwise qualified immunity theory;

p. The records, reports, data concerning other grievances, complaints against Defendants, whether a list, computer readout, printout or summary reflecting actions against defendant's in the coarse of tenure of employment with the Board concerning *eligibility,* and *considerations* of parole reviews;

q. All relevant evidentiary documents (i.e., forms) as shown in the 640-X guidelines made mention of by Burnett, utilized to deny parole, or the documents evidencing the prospective probability for the statement made that future parole consideration was at best highly [in]appropriate;

r. A detailed description of the whereabouts of all the defendant's on the date, time said offense, actions arose, such as schedules, concerning statements made in Answer, but not limited to such, inclusive to statements, facts averred in Defendant Weatherly and Longshore **unsupported** allegations (Exhibits-A, B) they weren't involved;

s. Reports, data, documents, computer readouts, summaries as to the inmates, similar likened Burnett that are considered similarly situated – whom made parole in the month of February 2007;

t. Copies, duplicates or records, data, information, reports concerning other inmates considered for

      discretionary parole on that date, concerning the averments against the Defendants;

  u. Any and all hand-written or typed notes, agendas, reports, reviews, working papers, books, charts, correspondence, memoranda, notices, studies, including but not limited to the above, as to how the Board arrives, or makes its predictions that inmates likened Burnett have not changed, nor will change under the circumstances at hand.

§ 9. Burnett only request's limited DISCOVERY, as to the above references, concerning the month of February 2007 dealing with the specificities surrounding the violations at hand.

§ 10. The aforesaid documents or items are in the possession of the Board Defendant's or their Attorney's of record or available to the Court, per se, through other favorable litigations or arguably favorable to Burnett's position of his constitutional deprivations, should this Court require more strict proof by plaintiff herein, to Reply / Respond to Defendant's Answer that this Court stated would turn into a Rule 56 motion shortly thereinafter.

§ 11. The documents, articles, tape recordings, *inter alia* as requested above are relevant, significant and constitute substantial material evidence and will be useful and necessary to Burnett's case, to civilly prosecute these three succinct claims hereinafter, and as evidentiary necessity providing proof for this Courts determinations and for Carey's tentative jury trial

§ 12. Burnett cannot effectively prosecute, defend these three issue, case against said above named defendant's, nor go to trial without the production of said ascribed documents and in their

11

absence will be effectively denied fundamental due process of law as guaranteed by Amendment's I, V, VII of the Constitution of the United States of America made applicable to the States through the XIV §1 to the Constitution of the United States Constitution; and herein pursuant to the Civil Rights Act, § 1983 et. seq.

§ 13.    Burnett fully incorporates as same herein, the **"definitions, instructions,"** cited in Section I, at pp. 2 -11 as set forth thereof, and adopted thereinafter in the attached Interrogatories, under Section III §§ 1 through 17; and said same under Burnett's Request For Admissions in Section IV, §§ 18 through 35.

Without the production of the documents and items referred to above, Burnett will not be able to effectively prosecute this civil action in the above-styled case and thus, Burnett will be denied his rights to seek redress for clearly established Federal rights being abridged, grossly violated by Defendants, and cannot without such DISCOVERY effectuate a Reply / Respond to the Defendants boiler-plated answer at this early juncture.

§ 14.    This motion, inclusive to attached Interrogatories, Request for Admissions, remain made under the authority of Rule 26, Federal Rules of Civil Procedure.

Further, said production must be without delay so as to allow Burnett with adequate time for preparation to essentially respond to Defendant's request for summary judgment in its favor as relief in their Answer, absent the DISCOVERY production resulting in

7007-0220-0000-1049-0512

a[ny] denial, would chill Burnett's Constitutional rights to redress the civil deprivation, due process of law and Burnett's right to a jury trial, now warranted.

WHEREFORE, Burnett prays for the following relief:

a. That the Defendants be required to produce all documents and all other evidence referred to above promptly.

b. Without waiving the right to have Burnett examine, retrieve, copy said documents, articles, items, recordings, notes, forms, *inter alia*; this Court would be chilling the force, effect of discovery as a tool in civil actions.

c. Permitting Burnett to be present, from the above, for this Courts learned eye, either the stenographic tapes, recordings, *inter alia*, of the February 2007 parole hearing would bring forth Federal comity in accord with §1983 DISCOVERY, terms, thus permitting this Court to a genuine, factual determination favorable from evidentiary documental proof relating to the questions challenged as to the Defendants guilt or innocence or for the purposes of imputing fundamental truths, equipping Burnett with the "documents" to properly reply –respond to Defendants week answer, inclusive to preserving evidentiary materials for the prospect of Burnett's jury trial,

or in the alternative limited DISCOVERY will bring about closure -concession from the Defendants providing prospective protections for, from arbitrary and capricious acts, actions or outright flagrant omissions of State law working in harmony within the strictures, confines of Federal Rules of Civil Procedures.

d. That if any part of said documentary evidence is not made available to Burnett, this Court, by Defendants hereinafter promptly or a time certain as set forth by this Court, and in any event prior to a summary judgment ruling be afforded Defendant's heretofore absent such DISCOVERY, or in any event prior to commencement of tentative jury trial, Burnett then respectfully moves, without waiving the right to production of said evidentiary materials, prior to either: (1) summary judgment, (2) jury trial or (3) Interrogatories, Request for Admissions, and Production of documents, *inter alia*, that said action be set for pre-conference for resolution, or stay proceedings until full compliance with DISCOVERY has been accorded Burnett.

e. Without waiving the foregoing, Burnett requests that an exact copy be made of each document, article, item, recording tape of the February 2007 hearing as

14

provided Burnett -be provided this Court and that said same be sealed and included in the record of this case for the purpose of insuring effective review of this Court's denial of Burnett's request for disclosure, inclusive to never being afforded proper notification by this Court's clerk, that defendant's were in fact served with *"waiver of service, and execution of complaint,"* absent Burnett's knowledge until Burnett received Defendants Answer, albeit absent Defendants sufficient Special Report still missing the Board's **polices, rules - regulations** as ORDERED by this Court on.

f. That the duty of the Defendants to disclose pursuant to this motion be considered as continuing up and until and through, either adjudication of summary judgment, or trial and post-judgment proceedings.

WHEREFORE PREMISES SHOWN, White prays that this Court would **GRANT** this request for Production of Documents, and issue the necessitating ORDER to accommodate judicial comity.

Done so this 15TH day of April, 2008.

Respectfully Submitted,

*Bernies Burnett*
BERNIES BURNETT #132146
Pro -se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the DISCOVERY motion upon said Defendants, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail,[1] Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows:

1)  Defendants *Williams* Weatherly, Longshore et. al.,
    C/O Chief Counsel Honorable Hugh Davis
    Attorney for Alabama Pardon & Paroles
    301 South Ripley Street
    Post Office Box #302405
    Montgomery, Alabama 36130

Done so this *15th* day of *April*, 2008.

Respectfully Submitted,

*Bernies Burnett*
BERNIES BURNETT, # 132146
LIMESTONE FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

---

[1] Burnett asserts that the Certification Card Number hereinafter ascribed #7007-0220-0000-1049-0512 Production for Documents has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also he is utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Reply in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

Burnett, Ronnie #152146
Limestone
28779 Nick Davis Rd
Harvest, Alabama
35749-7009

208-CV-22-WKW

LEGAL MAIL

United States District Court - Honorable D. Halbert
P.O. Box 711
Montgomery, Alabama
36101-0711

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.